David H. Pingree Secretary, Department of Health and Rehabilitative Services Tallahassee
QUESTION:
Pursuant to s. 88.031(18), F. S., is the nation of West Germany a foreign jurisdiction which has a substantially similar support law such that reciprocal enforcement may be effectuated under the Florida Uniform Reciprocal Enforcement of Support Act, ch. 88, F. S.?
SUMMARY:
Whether the Federal Republic of West Germany has in effect in that jurisdiction the Florida Revised Uniform Reciprocal Enforcement of Support Act (1968) or a substantially similar reciprocal law is a judicial question within the exclusive and original jurisdiction of the circuit court, Neither the Attorney General nor the Department of Health and Rehabilitative Services is empowered to make a declaration or order of reciprocity or to make a determination that a foreign nation or a `foreign jurisdiction' has a reciprocal enforcement of support law in effect in that jurisdiction which is substantially similar to the Florida Revised Uniform Reciprocal Enforcement of Support Act (1968). The Attorney General is without lawful authority to bestow jurisdiction of proceedings under ch. 88, F. S., on the courts or any governmental agency of the State of Florida or any other state or nation or the courts or governmental agencies thereof. Neither the Attorney General nor the Department of Health and Rehabilitative Services is statutorily authorized to enter into any binding agreement or arrangement with a foreign nation or a `foreign jurisdiction' granting reciprocity in the establishment and enforcement of duties of support or orders of support in or entered in that foreign nation or the State of Florida.
Prior to its amendment by ch. 79-383, Laws of Florida, ch. 88, F. S., the `Uniform Reciprocal Enforcement of Support Law' (which provided additional remedies to any other existing remedy for the purpose of improving and extending by reciprocal legislation the enforcement of duties of support and making uniform the law with respect thereto, see ss. 88.021 and 88.041) defined the term `state' for the purposes of ch. 88, as follows:
 `State' includes any state, territory or possession of the United States and the District of Columbia in which this or a substantially similar reciprocal law has been enacted. [See
s. 88.031(1).]
 Chapter 79-383, supra, extensively amended ch. 88, F. S., to conform it to the `Revised Uniform Reciprocal Enforcement of Support Act (1968),' hereinafter referred to as URESA. The revised uniform act provides additional remedies to any existing remedy and augments the common law and statutory procedures governing the remedies for the establishment and enforcement of orders of support for children by responsible parents whether such children or parents reside in this or some other state. The purpose of the act is to improve and extend by reciprocal legislation the enforcement of duties of support. See ss. 88.012, 88.021, and 88.041. Section 4 of ch. 79-383 amended s. 88.031 to define `state' for the purposes of that act to include:
 . . . a state, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any foreign jurisdiction in which this or a substantially similar reciprocal law is in effect. [See s. 88.031(18); emphasis supplied.]
Compare Clause 3, s. 10, Art. I, U.S. Const., providing in relevant part that `[n]o State shall, without the Consent of Congress . . . enter into any Agreement or Compact with another State, or with a foreign Power . . . .' (Emphasis supplied.) (25 F.S.A. p. 58) URESA appears to be founded on the doctrine of comity. Generally see 15A C.J.S. Conflict of Laws ss. 3, 4, and 5, and 21 C.J.S. Courts s. 545; see also 81A C.J.S. States s. 29.
Chapter 79-383, supra, also amended other relevant provisions of ch. 88, supra, to provide for the designation of the Department of Health and Rehabilitative Services as the state information agency under the act and to divide the provisions of ch. 88 into four parts, part IV of which is entitled `Registration of Foreign Support Orders' and consists of ss. 88.321-88.371 (see s. 18 of ch. 79-383, codified as s. 88.171, and s. 40 of ch. 79-383, respectively).
The Uniform Reciprocal Enforcement of Support Law, as amended, although it qualifies, does not define the term `foreign jurisdiction'; however, in the context in which employed and for the purposes of this opinion, that term would appear to designate or include any foreign power, government, sovereign nation, or state which is outside of the territorial boundaries of the United States or the several states of the United States. `Jurisdiction,' as applied to a sovereign state or nation, signifies the authority to make, declare, and execute laws and, in this connection, also signifies the territory within which the power to declare and enforce the law is exercised. See 50 C.J.S. Jurisdiction, pp. 1090-1091.
Part IV of ch. 88, supra (ss. 88.321-88.371), specifically provides procedures for the registration and enforcement of a duty of support based on a foreign support order. These procedures are essentially the same as those prescribed for the enforcement of a support order from another state of the United States. See ss. 88.181-88.241, 88.255-88.291, and 88.297. Section 88.181(1) provides that, after the responding court (circuit court) (see s. 88.031(1) and (16)) receives copies of the motion (for enforcement of duty of support or for registration of an order of support) (see s. 88.031(9)), certificate of the initiating court (as described in s. 88.141), and act (reciprocal enforcement of support law of the state in which the support order was made) from the initiating court (see s. 88.031(5) and (6)) or state information agency (see s. 88.171), the clerk of the court shall docket the case and notify the prosecuting attorney (see s. 88.031(11)) of his action. Cf. s. 88.331 (the obligee (petitioner) may register the foreign support order in a circuit court of this state in the manner, with the effect, and for the purposes provided in part IV, ch. 88); s. 88.341 (the clerk of the circuit court shall maintain a registry of foreign support orders in which he shall record foreign support orders); s. 88.345 (if Florida is acting either as a rendering (see s. 88.031(14)) or a registering (see s. 88.031(13)) state, as defined by s. 88.031(18), the prosecuting attorney upon the request of the court or Department of Health and Rehabilitative Services shall represent the petitioner in proceedings under part IV of ch. 88); s. 88.351 (a petitioner seeking to register a foreign support order in a circuit court of this state shall transmit to the clerk of the circuit court three copies of the order of support with all modifications thereof and one copy of the reciprocal enforcement of support act of the state (`foreign jurisdiction') in which the order was made and other designated information and documents); and s. 88.371 (upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a Florida court, with the same effect and subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of Florida and may be enforced and satisfied in like manner). Section 88.105 vests jurisdiction of any proceeding under URESA in the circuit court.See also the definition of `court' in s. 88.031(1).
Thus, based on the foregoing, the circuit court has the exclusive jurisdiction and is the only proper forum to entertain, preside over, and adjudicate or determine all matters pertaining to any and all of the provisions and proceedings under URESA. See s. 88.101, F. S. (all duties of support are enforceable by a proceeding under URESA). Therefore, whether the Federal Republic of Germany (West Germany or the West German Federal Republic) or any other foreign power or `foreign jurisdiction' has in effect in that jurisdiction the Florida Revised Uniform Reciprocal Enforcement of Support Act (1968) or a substantially similar reciprocal law is a judicial question within the exclusive and original jurisdiction of the several circuit courts of Florida. Such determination in each instance is made on a case-by-case basis by the court and upon information and documents submitted by the individual movant or petitioner (as specified in ss. 88.181 and 88.351, supra) and other factual data or information supplied by the prosecuting attorney responsible for the enforcement of the laws relating to the failure to provide support for any person (see ss. 88.181(2), 88.191(1), and 88.193, F. S.). Neither the Attorney General nor the Department of Health and Rehabilitative Services is empowered to make a declaration or order of reciprocity or to make a determination that a foreign nation or `foreign jurisdiction' has a reciprocal enforcement of support law in effect in that jurisdiction which is substantially similar to the Florida Revised Uniform Reciprocal Enforcement of Support Act (1968). Nor is there any statutory authorization drawn to my attention for the Attorney General or the Department of Health and Rehabilitative Services to enter into any binding agreement or arrangement with a `foreign jurisdiction' or foreign government granting reciprocity in the establishment and enforcement of duties of support or orders of support in or entered in that foreign nation or the State of Florida. The Attorney General possesses no power to bestow jurisdiction under ch. 88, supra, on the courts or any governmental agency of Florida or any other state or nation, territory or possession, or the courts or governmental agencies thereof. Although the Department of Health and Rehabilitative Services is the state agency for administering the child support enforcement program under Title IV-D of the Social Security Act, 42 U.S.C. § 1302 (see ss. 409.2551-409.2597, F. S., and cf. 42 U.S.C.A. ss. 651-661) and is authorized to locate absent parents of children who have received various forms of public assistance in order to obtain and enforce orders of support, whenever applicable, the procedures established under the provisions of ch. 88, URESA, and ch. 39, F. S., relating to dependent children, may govern actions instituted under ss.409.2551-409.2597. See s. 409.2564(1). Moreover, the Department of Health and Rehabilitative Services, as the designated state information agency under the Florida URESA, ch. 88, is only charged with the responsibility of compiling and providing to the several circuit courts and the state attorneys in Florida the listed motions, certificates, and copies of the acts (reciprocal enforcement of support laws) or other information it receives from the courts or information agencies of other jurisdictions. See ss. 88.171 and 88.181. See also s. 88.351, relating to registration of foreign support orders and the information and documents required to be transmitted to the clerk of the circuit court by individual petitioners.
Prepared by: John W. Williams, Assistant Attorney General